pronounced 24-1262. Good morning and may it please the court. This is appellant's motion for bail pending appeal. The government consents to almost all of the significant factors under the bail statute. The defendant is not likely to flee. The defendant does not pose a danger to the community. The defendant's appeal is not frivolous or for the purpose of delay. The sole remaining issue to be decided is therefore whether Mrs. Pikus' appeal presents a substantial question of law, as that term has been defined by this court in United States v. Randall and his progeny. And Randall sets out varying ways to interpret that term, doesn't necessarily commit to any one of them, but some of those ways are a substantial question is one that is either novel, one that's not been decided by controlling precedent, which is certainly true here. So this is a matter of discretion left to the district court, is that correct? That's the core issue of whether there was discretion or whether really the district court properly exercises discretion in dismissing without prejudice. Correct, Your Honor. Why is that a novel issue? That is, the matter of whether the district court has discretion is a pretty well settled issue, is it not? Your Honor, I would say that that issue actually is the standard of review. This court will review the denial of prejudice for an abuse of discretion, but focusing on the standard of review turns this more into an analysis of likelihood of success, which United States v. Randall said was not part of a substantial question. The question actually is, was the dismissal with prejudice or without prejudice an abuse of discretion, but that question there is a close question. And that question is a close question by looking at this Court's 46-page resounding decision, which analyzed all of the same factual Is a close question the same as a substantial question of law? I mean, couldn't something be close but not really a substantial question of law? Your Honor, I'm using language from United States v. Randall, which uses a number of different interpretations of substantial question, one of which is a close question or one of which is fairly doubtful, one that could be decided either way. And an analysis, I think, of the lower court's denial of prejudice put against this Court's dismissal or this Court's finding of two violations of speedy trial. It sounds to me like you're disagreeing with her decision and not addressing the question of whether she had discretion to make that decision. That's the issue that we would look at. Your Honor, I certainly think that and agree that the lower court had discretion to make the decision. Well, had the ability to exercise discretion. That was, it's a discretionary decision. So how do you par with her exercise of discretion? Usually she got a fact wrong or she misapplied the law, didn't understand the law properly, that kind of thing. But once you're in the realm of all of those particular aspects have been not a problem, then it's just simply a question of her exercising her discretion. Well, Your Honor, in our view, it clearly was an abuse of discretion, that lower court's decision. There were factual statements that were made that were not true that are actually contradicted by this Court's 46 page decision. For instance, the lower court determined and based part of her decision on a statement that the discovery, all of the discovery had been produced eventually to the defendant. There was no basis to say that. And the Second Circuit here disagreed with that in its decision. There were other findings, for instance. But we're talking about the dismissal, right? Of the indictment. Dismissal of the indictment. Yeah. And my only real question is, what is your argument that somehow she, the discretion that she exercised was improper? Well, for instance, the lower court found that there was no significant prejudice to the defendant. That finding by the lower court was based on her analysis of the lower court's analysis of the value of the audit documents which were withheld from the defendant. So the defendant went to trial without these audit documents and was highly prejudiced. The lower court found that the defense, that legal defense that would have been asserted was not a valid legal defense. That determination, which is a legal determination on which part of the lower court's decision was made, was erroneous. It's clearly erroneous. We raised that in the initial briefing before this court. You know what's a little interesting to me is that, and I've forgotten this, in our prior decision, all that we held was that the Speedy Trial Act required the dismissal of the original indictment, right? And then we said we leave the determination of whether to dismiss the indictment with or without prejudice to the sound discretion of the district court. So that was, in one sense, before the original panel, right? And now you're saying, well, it presents a novel question or a substantial question, presumably in your favor. But we don't appear to have thought that that presented a novel question or a substantial question. We left it to the district court to figure it out. Well, Your Honor, that discretionary decision was still based on an analysis of law here and the merit of the legal defense that the defendant was going to put forward at the trial, which was erroneously decided by the lower court. So thank you very much, Mr. Grubin. We'll hear from your friend on the other side, Mr. Campbell. Thank you, Your Honor. And may it please the court, Department of Justice Trial Attorney Patrick J. Campbell to the United States on appeal. This is neither a novel nor a close question. It's our view that the district court's decision makes that very clear. There's been no assertion by Mr. Pikus that the district court in some way abused his discretion or overlooked facts, certainly not in the papers that any facts were overlooked. The district court issued a 17-page decision where it weighed all five of the factors. And to the extent he asserts that there is now some disagreement with those findings, what's clear is the court was balancing all of the factors, including the prejudice, including the seriousness of the crime, including the administration of the Speedy Trial Act itself, and weighed whether or not— including sort of the reasons for the delays and arguably didn't weigh those against the prejudice that those delays caused the parties. So why does this case look like the Burke case where we found that that was an abuse of discretion? Your Honor, I think to the extent the court could have taken on the prejudice issue in more detail, it did consider whether or not the defendant was incarcerated pretrial, which he was for a very brief time, but he was not. And there are other cases where that hinders the defendant's ability to prepare for trial. It noted that post-trial incarceration is not relevant to the factors here. It did view that the discovery issues were either resolved or, to the extent not noted in a footnote, that that should be taken up by the parties once the case was re-indicted, if it was to be re-indicted. But the overall picture is that the district court weighed all these factors, and to the extent there are quibbles with one of them, the analysis requires the district court to look at the entire picture here, which it did. In particular, for the administration of the Speedy Trial Act itself, it was clear that this court took issue with some of the delays and laid some fault at the government. The district court made an express finding it did not find there to be a lackadaisical approach from the prosecution or from the office. The government had requested trial settings on numerous occasions, and the district court did not find it necessary to dismiss with prejudice. It felt it was sufficient to dismiss the case without, given that there was no bad faith and that there was no lackadaisical approach by the government. To the extent the appellant takes issue with this court's decision as a basis for why this is a substantial question, he has shown just that the decision could be made the other way, which is true of every decision. What we think is clear from the district court's decision is that it did take on those critiques of the government's approach in this case and appropriately weighed the issue and exercised its discretion, which is committed to the discretion of the district court. So for those reasons, it's our view, unless the panel has other questions, that the appeal should be denied. All right, thank you very much. We will reserve the decision.